IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| B.D. PROPERTIES HAWAII, LLC, | ) | Civ. No. 13-00619 ACK-BMK |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO GRANT |
| vs. | ) | PLAINTIFF'S MOTION TO |
| | ) | REMAND THE CASE TO |
| AXIS SURPLUS INSURANCE | ) | SECOND CIRCUIT COURT, |
| COMPANY, | ) | STATE OF HAWAII |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO GRANT
PLAINTIFF'S MOTION TO REMAND THE CASE TO
SECOND CIRCUIT COURT, STATE OF HAWAII

Before the Court is Plaintiff B.D. Properties Hawaii, LLC's Motion to Remand the Case to Second Circuit Court, State of Hawaii (Doc. 8.)  The Court heard this Motion on January 30, 2014.  After careful consideration of the Motion and the supporting and opposing memoranda, the Court finds and recommends that Plaintiff's Motion be GRANTED.

BACKGROUND

This case arises from Defendant Axis Surplus Insurance Company's denial of Plaintiff's demand that it defend and indemnify Plaintiff in an underlying state court action.

On March 16, 2010, Robert Jay and Joanne Applegate ("the Applegates") filed the underlying state court action against Plaintiff, Gregory E. Brown, Robert H. Dein, and All Islands, Inc. (collectively, "the State Court Defendants") in the Second Circuit Court of the State of Hawaii.  (Underlying Complaint at 1.)  The Applegates alleged that Brown purchased property on Maui and thereafter developed it by constructing a single family residence.  (Id. ¶¶ 10-11.)  In 2007, the State Court Defendants listed the property for sale.

In February 2008, the Applegates offered to purchase the property for $5,000,000, and Brown accepted.  (Id. ¶¶ 15-16.)  After the sale closed on May 29, 2008, the Applegates discovered numerous defects with the property and that Brown's disclosures and representations in the Disclosure Statement were false and misleading.  (Id. ¶¶ 17, 21.)  When the Applegates moved into the property, "they found the house filthy, riddled with defects, and with the grounds overgrown."  (Id. ¶ 25.)

The Applegates sued the State Court Defendants on March 16, 2010, asserting that they failed to disclose defects that were known or should have been known.  The Applegates asserted the following claims:  fraudulent misrepresentation (Count 1), fraud by omission (Count 2), breach of contract (Count 3), unfair and deceptive trade acts or practices (Count 4), negligent

2

misrepresentation (Count 5), negligent failure to disclose (Count 6), breach of the covenant of good faith and fair dealing (Count 7), negligence (Count 8), and punitive damages (Count 9). (Id. ¶¶ 39-103.) The Applegates pray for rescission of the Purchase Contract, disgorgement of all sales commissions from the State Court Defendants, restitution for all amounts they paid pursuant to the Purchase Contract, and other damages. (Id. at 20-21.)

B.D. Properties Hawaii, LLC, which is one of the State Court Defendants, was insured by a Miscellaneous Professional Liability Policy issued by Axis Surplus Insurance Company. (Complaint ¶ 9.) After B.D. Properties tendered the underlying state court action to Axis for coverage under the Policy, Axis denied coverage. (Id. ¶¶ 10-13.)

On August 26, 2013, B.D. Properties filed a declaratory judgment action against Axis in the Second Circuit Court. (Id.) The Complaint seeks a declaration "that [B.D. Properties] is entitled to defense, indemnity, or both under the Policy," an order that Axis pay benefits under the Policy, and reasonable attorneys' fees and costs. (Id. at 3.)

On November 15, 2013, Axis removed the declaratory action to federal court based on diversity jurisdiction. (Notice of Removal at 1.) On December 13, 2013, B.D. Properties filed the present Motion to Remand, asking

this court to exercise its discretion in declining jurisdiction over this declaratory action.

## DISCUSSION

Plaintiff moves to remand this action to the Second Circuit Court of the State of Hawaii.  Plaintiff asks this Court to abstain from exercising discretionary jurisdiction over this declaratory action for two primary reasons: (1) the overlapping factual issues before this Court and the state court and (2) this declaratory action presents an unsettled issue of state law.  The parties agree that this Court should consider certain factors in determining whether to remand this case.  As discussed below, in light of the factual and legal issues presented in this declaratory action, the Court finds that the factors weigh in favor of remanding this case to state court.

The Declaratory Judgment Act provides that "any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration."  28. U.S.C. § 2201(a).  The "decision whether to exercise jurisdiction over a declaratory action lies in the sound discretion of the district court."  Huth v. Hartford Ins. Co. of the Midwest, 298 F.3d 800, 803 (9th Cir. 2002).

The Court's discretion in deciding whether to exercise jurisdiction over declaratory actions is governed by factors enunciated in Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491 (1942): (1) avoidance of needless determination of state law issues; (2) discouragement of filing a declaratory action as a means of forum shopping; and (3) avoidance of duplicative litigation. See Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1225 (9th Cir.1998) (en banc). "If there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court." Id. Other factors to consider are whether the declaratory action is brought merely for the purpose of procedural fencing and whether the declaratory action will result in entanglement between the federal and state courts. Id. at 1225 n.5.

The parties address each of the foregoing factors in arguing for or against remanding this case. As discussed below, the factual overlap and the unsettled issue of state law warrant remanding this case.

    A.    Overlapping Factual Issues in the State and Federal Cases

When considering the Brillhart factors, "[c]onservation of judicial resources is the underlying principle." State Farm Fire & Cas. Co. v. Willison, 833 F. Supp. 2d 1200, 1215 (D. Haw. 2011). Courts therefore determine whether

5

overlapping issues of fact will result in duplicative litigation or entanglement between the federal and state courts. Id.; See Nat'l Chiropractic Mut. Ins. Co. v. Doe, 23 F. Supp. 2d 1109, 1123 (D. Alaska 1998) (entanglement occurs when a "declaratory action . . . might interject itself into the fact finding process already under way in state court"). As discussed below, the Court finds that, because the factual issues presented in this declaratory action and the state court case overlap, remand is appropriate.

Defendant invoked certain Policy language and Exclusions in denying Plaintiff's demand for defense and indemnity. For example, Defendant relied on Policy language that coverage will be provided only if "[n]o Insured knew, prior to the First Inception Date of the Insured's policy with the Company, of a circumstance that could reasonably be expected to lead to the Claim." (Ex. B at BRN 17-18; Ex. C at BRN 9.) Defendant also denied coverage under the following Exclusions:

> The Company is not obligated to pay Damages or Claim Expenses or defend Claims for or arising directly or indirectly out of:
> . . .
> 2. An act or omission that a jury, court or arbitrator finds dishonest, fraudulent, . . . or was committed while knowing it was wrongful.
> . . .
> 6. Gain, profit or advantage to which any Insured is not legally entitled.

(Ex. B at BRN 23-24; Ex. C at BRN 10.)

In determining whether the Policy language and Exclusions warranted Defendant's denial of coverage, this Court will have to make findings that the state court will also have to make with respect to the claims before it.  The factual findings relevant to Policy language prohibiting coverage where Plaintiff had knowledge of a circumstance that could reasonably be expected to lead to a claim are the same findings at issue in the state court claims of fraudulent misrepresentation, fraud by omission, and deceptive trade acts or practices.  Indeed, the state court complaint alleges that Defendant knew or should have known of defects that it failed to disclose.  Similarly, the facts relevant to Exclusion 2 (whether the Insured engaged in fraudulent conduct) are the same facts relevant to the state court claims of fraudulent misrepresentation, fraud by omission, and unfair and deceptive trade acts or practices.  Finally, the findings of fact relevant to this Court's review of Exclusion 6 (excluding coverage for any gain or profit to which Plaintiff is not legally entitled) are relevant to the state court's inquiry of whether Plaintiff's allegedly fraudulent conduct resulted in profit.  (See Underlying Complaint at 21 (praying for "[d]isgorgement of all sales commissions from Defendants."))  The Court finds that the factual findings

relevant to deciding whether Defendant's denial of coverage was warranted are the same findings relevant to the state court's determination of the claims before it.

Because the factual inquiries in the state and federal cases do overlap, there is a risk of duplicative litigation and entanglement between the courts. Duplicative litigation is likely because the two courts will have to resolve the same factual disputes. Entanglement is probable because this Court "might interject itself into the fact finding process already under way in state court." See Nat'l Chiropractic Mut. Ins. Co., 23 F. Supp. 2d at 1123. These overlapping factual issues tilt the factors of duplicative litigation and entanglement in favor of remanding this case.

  B. Unresolved Issue of State Law

In determining whether this case presents the Court with a "needless determination of state law," the Court considers whether the legal issue presented is "an area of law Congress expressly reserved to the states." Keown v. Tudor Ins. Co., 621 F. Supp. 2d 1025, 1031 (D. Haw. 2008) (quoting Continental Cas. Co. v. Robsac Indus., 947 F.2d 1367, 1371 (9th Cir. 1991) (overruled in part on other grounds by Dizol, 133 F.3d at 1225)). This federal action seeks declaratory judgment that Plaintiff "is entitled to defense, indemnity, or both under the Policy" as well as an order that Defendant pay insurance benefits under the Policy.

Because this dispute solely implicates insurance law, which is "an area of law expressly left to the states by Congress through the McCarran-Ferguson Act," the Court finds that this case clearly involves an area of law reserved for the states. Robsac, 947 F.2d at 1371.

Furthermore, "[c]ourts abstain from hearing declaratory judgment actions for the construction of insurance policies when 'unresolved state law issues are present.'" Keown, 621 F. Supp. 2d at 1038. This case presents such an unresolved issue of state law regarding the interpretation of applicable Policy language.

Specifically, Defendant relied on the following Policy language in denying Plaintiff's request for defense or indemnity: "The Company will pay on the Insured's behalf those sums . . . that any Insured, in performing Insured Services for others, becomes legally obligated to pay." (Ex. C at BRN 6; Ex. D at BRN 1983.) The Policy names "B.D. Properties Hawaii, LLC" as the Insured. (Ex. B at BRN 13.) Gregory Brown is the sole member of the Insured (B.D. Properties Hawaii, LLC) and the state court action alleges that he engaged in fraudulent conduct while selling his own property. Defendant therefore argues that the Insured (B.D. Properties Hawaii, LLC) was performing services for itself (i.e., for its sole member, Gregory Brown), not for "others." (Ex. C at BRN 9; Ex. D at

BRN 1983.) Plaintiff counters that, because Gregory Brown is not a named Insured under the Policy, B.D. Properties Hawaii, LLC was in fact performing services for "others" when it performed services for Gregory Brown.

The parties clearly dispute whether the Insured (B.D. Properties Hawaii, LLC) was performing services for "others" when it performed services for Gregory Brown, its sole member. The parties agree, however, that Hawaii courts have not interpreted the term "others" in the insurance context. (Motion at 12 ("Hawaii Courts have not interpreted the term[] 'others'"); Opp. at 12 (noting the "absence of Hawaii law on the precise issue of how to interpret the term 'others' in this context").) The parties point to different state statutes concerning Limited Liability Companies in arguing that the interpretation of "others" under the Policy includes – or does not include – work done for Gregory Brown. (Ex. D at BRN 1984 (Defendant relies on Haw. Rev. Stat. § 428-301(a)(1) ("Each member is an agent of the [LLC] for the purpose of its business.")); Reply at 8 (Plaintiff relies on Haw. Rev. Stat. § 428-201 ("A [LLC] is a legal entity distinct from its members.")) These competing statutes and their application to the Policy are best left to the state court to decide. Keown, 621 F. Supp. 2d at 1038 ("Courts abstain from hearing declaratory judgment actions for the construction of insurance policies when 'unresolved state law issues are present.").

In light of the unresolved issue of state law regarding the interpretation of the term "others" in the Policy, the Court finds that this factor – whether there is a needless determination of state law – weighs in favor of remanding the case to state court.

C.   Other Factors

The Court finds that the reasons discussed above – overlapping factual issues and an unresolved issue of state law – compel this Court to recommend remanding this case. The other factors – whether Defendant removed this case as a means of forum shopping or for the purpose of procedural fencing – are neutral and do not weigh for or against remand.

Although this court routinely hears insurance declaratory actions when they are initially filed in federal court, the fact that this action was removed to federal court changes the posture of this case. Had Defendant filed this case in federal court, there would be no issue of remand. Indeed, this Court would have subject matter jurisdiction over this case regardless of where it was initiated. But because Plaintiff chose to file its case in state court, it now has the opportunity to ask this Court to decline from exercising jurisdiction over this case. Because the Brillhart factors weigh in favor of remand and this Court must strictly construe the

removal statute against removal jurisdiction, the Court recommends that this case be remanded to state court.  <u>Gaus v. Miles</u>, 980 F.2d 564, 566 (9th Cir. 1992).

CONCLUSION

In light of the foregoing, the Court finds and recommends that Plaintiff's Motion to Remand to Second Circuit Court, State of Hawaii (Doc. 8) be GRANTED.  The Court recommends that this case be remanded to the Second Circuit Court of the State of Hawaii.

Any Objection to these Findings and Recommendations shall be filed in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

DATED:  Honolulu, Hawaii, February 1, 2014.

IT IS SO ORDERED.



 /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

<u>B.D. Properties Hawaii, LLC v. Axis Surplus Ins. Co.</u>, Civ. No. 13-00619 ACK-BMK; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO REMAND THE CASE TO SECOND CIRCUIT COURT, STATE OF HAWAII.

12